UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| GENE SHELTON RUCKER | ) | |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | 1:11-cv-112 |
| | ) | *Chief Judge Curtis L. Collier* |
| WARDEN RICKY BELL | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM

Petitioner Gene Shelton Rucker ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File No. 1). Petitioner is attacking his 2001 aggravated arson and criminal negligent homicide convictions and twenty-two year sentence from the Hamilton County Criminal Court, in Chattanooga, Tennessee.

This is Petitioner's second petition for federal habeas corpus relief challenging his 2001 Hamilton County convictions and sentence. His first habeas corpus petition was dismissed as it was "clearly time-barred." *Gene S. Rucker v. Ricky Bell, Warden*, Civil Action No. 1:07-cv-152 (E.D. Tenn. Jan. 3, 2008)). The Sixth Circuit denied Petitioner's subsequent request for a certificate of appealability on May 22, 2008.

The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, requires a petitioner to obtain permission in the United States Court of Appeals for the Sixth Circuit for an order authorizing this Court to consider a second or subsequent petition. 28 U.S.C. § 2244(b)(3); *also see Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1066 (6th Cir.), *cert. denied*, 520 U.S. 1224 (1997). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the Sixth Circuit Court of Appeals, this Court must transfer the document(s) pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47

(6th Cir. 1997). This Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending petition. Therefore, this District Court lacks jurisdiction to adjudicate this § 2254 petition.

For the reasons set forth above, Petitioner's § 2254 petition is a second or successive habeas petition brought pursuant to § 2254 over which this Court has no jurisdiction absent precertification by the court of appeals. Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d at 47.

An order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

2